UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x
RICHARD KAVAZANJIAN,

                Plaintiff,

  -against-

RAYMOND RICE, Police Officer, Village of
Malverne P.D., Shield # Unknown; "JOHN
DOE", Police Officer, Village of Malverne P.D.,
Shield # Unknown; THE VILLAGE OF
MALVERNE P.D.; THE VILLAGE OF
MALVERNE; "JOHN" McMOORE, Police
Officer, Shield # Unknown, K-9 Unit, Nassau
County Police Department; SEVERAL
UNKNOWN NASSAU COUNTY POLICE
OFFICERS; THE COUNTY OF NASSAU P.D.;
THE COUNTY OF NASSAU; UNKNOWN E.R.
STAFF AT SOUTH NASSAU COMMUNITIES
HOSPITAL; SOUTH NASSAU COMMUNITIES
HOSPITAL; all of the above-named Defendants
are sued in their individual and official
capacities,

                Defendants.
------------------------------------------------------x

**MEMORANDUM & ORDER**
03-CV-1923 (FB)(SMG)



*Appearances:*
*For the Plaintiff:*
RICHARD KAVAZANJIAN, *Pro Se*
P.O. Box 338
Napanoch, NY 12458-0338

*For Defendants Raymond Rice, Police Officer, Village of Malverne, P.D., and The Village of Malverne:*
THADDEUS J. ROZANSKI, ESQ.
Kral, Clerkin, Redmond, Ryan, Perry & Girvan
69 East Jericho Turnpike
Mineola, NY 11501

*For Defendant South Nassau Communities Hospital:*
ROBERT J. BETZ, ESQ.
Bartlett, McDonough, Bastone & Monaghan, LLP
300 Old Country Road
Mineola, NY 11501

**BLOCK, District Judge:**

*Pro se* plaintiff, Richard Kavazanjian ("Kavazanjian"), brings this action against, *inter alia*, Police Officer Raymond Rice ("Rice"), the Village of Malverne ("Malverne"), and the Village of Malverne Police Department ("Malverne PD") (collectively, "Malverne Defendants"), and South Nassau Communities Hospital ("SNCH"). He asserts claims under 42 U.S.C. § 1983 for false arrest, malicious prosecution and excessive force, and state-law claims of assault and battery, negligence and lack of informed consent, all arising from an incident on April 18, 2000, during which he was arrested and subsequently taken to the SNCH for medical treatment. The Malverne Defendants and SNCH move to dismiss, contending that Kavazanjian failed to properly effect service and the statute of limitations has since expired; the Malverne Defendants also contend that Kavazanjian failed to state a claim of malicious prosecution or false arrest. The motions are granted in part and denied in part.

## BACKGROUND

The following allegations are taken from the Amended Complaint. On April 18, 2000, Kavazanjian was stopped by Rice and another police officer for a traffic violation. Although he initially complied with the officer's requests, he ultimately drove from the scene when the officers asked him to step out of his vehicle. Shortly thereafter, the officers apprehended him and "brutally and savagely beat [him] into sem-consciousness with, inter alia, fists feet, batons, and flashlights[,]" handcuffed him, and then commanded a police dog to attack him. *See* Amended Compl. ¶¶ 20-22. As a result of the injuries that he

2

sustained, he was taken to the emergency room at SNCH; there, he attempted to "refus[e] all medical treatment" but was unsuccessful. *See id.* ¶¶ 28-30.

On October 27, 2000, Kavazanjian was acquitted of criminal mischief but was convicted of assault, resisting arrest, aggravated unlicenced operation of a motor vehicle, reckless endangerment and obstruction of governmental administration, and was sentenced to at least seven years' imprisonment. *See id.* ¶ 33. He is currently challenging the convictions in state court. *See id.*

Exactly three years after his arrest, on April 18, 2003, Kavazanjian filed a Complaint against the defendants and moved for leave to proceed *in forma pauperis*. *See* Docket Entry #1-2. The Court, however, did not grant the motion until October 24, 2003, and thus, only then, directed the Clerk of the Court to forward to the United States Marshal's Office a copy of the Summons and Complaint. *See id.* # 3. Shortly thereafter, on October 27, 2003, the clerk's office sent a letter to Kavazanjian, requesting the addresses of the defendants for the Marshal's Office to effect service. *See id.* # 4. On December 12, 2003, Kavazanjian provided the requested addresses, and filed an Amended Complaint, which elaborated upon the factual allegations but was substantively the same as the initial Complaint. *See id.* # 5.

The initial Complaint was never served, *see* Malverne Defendants' Mem. of Law in support of Mot. to Dismiss, at 5; SNCH's Mem. of Law in Support of Mot. to Dismiss, at 3; rather, the Marshal's Office served the Amended Complaint on the defendants on January 9, 2004 within one month of his filing it, and on August 23, 2004, the

3

summonses were returned executed. *See id.* # 14-15.

**A. Service of Process**

Both the Malverne Defendants and SNCH argue that dismissal is warranted because the initial Complaint was never served on the defendants and the Amended Complaint is now barred by the statute of limitations. The defendants are correct that the Amended Complaint, which was filed more than three years after the incident, would now be barred by the statute of limitations if the Court dismissed the initial Complaint for failure to properly effect service.[1] *See Patterson v. County of Oneida, N.Y.*, 375 F.3d 206, 225 (2d Cir. 2004) ("The statute of limitations applicable to claims brought under ... [section] 1983 in New York is three years.").

The delay in effecting service resulted from (1) the Court's delay in ruling on the *in forma pauperis* motion, which was filed on the same day that Kavazanjian filed the Complaint; and (2) the Marshal's Office's delay in issuing the summons. Fed. R. Civ. Pro. 4(m) provides, in pertinent part, that:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an

---

[1] It is undisputed that the Amended Complaint "relates back" to the initial Complaint because the claims "arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed. R. Civ. Pro. 15(c)(2). Further, Kavazanjian did not need to seek leave of court to file the Amended Complaint because the defendants had not filed a responsive pleading. *See* Fed. R. Civ. Pro. 15(a).

4

appropriate period.

For plaintiffs proceeding *in forma pauperis*, however, the Marshal's Office – not the plaintiff – is primarily responsible for effecting service. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in such cases."). The Court, therefore, agrees with numerous courts that have held that good cause under Rule 4(m) is automatically established when the Marshal's Office has failed to effect service so long as the plaintiff has provided the information necessary to identify the defendants. *See Moore v. Jackson*, 123 F.3d 1082, 1085-86 (8th Cir.1997); *Byrd v. Stone*, 94 F.3d 217, 220 (6th Cir.1996); *Dumaguin v. Sec'y of HHS*, 28 F.3d 1218, 1221 (D.C. Cir.1994); *Puett v. Blandford*, 912 F.2d 270, 276 (9th Cir.1990); *Sellers v. United States*, 902 F.2d 598, 602 (7th Cir.1990). Furthermore, the Court believes that the time to effect service should be tolled while an *in forma pauperis* motion is pending – at least where, as here, the motion is granted. *See Toliver v. Sullivan County*, 841 F.2d 41, 42 (2d Cir. 1988) ("At least where *in forma pauperis* relief is granted, the action should be treated as timely, provided the complaint was received by the clerk's office prior to the expiration of the limitations period."). The Court, thus, concludes that good cause under Rule 4(m) has been established and that the delay must be excused.

Moreover, "Rule 4(m) . . . *permits* a district court to enlarge the time for service 'even if there is no good cause shown.'" *Henderson v. United States*, 517 U.S. 654, 658 n.5 (1996) (quoting Fed. R. Civ. Pro. 4, Advisory Committee Notes on 1993 Amendments, Subsection (m)) (emphasis added). In fact, the Advisory Committee Notes expressly advise the Court "to protect *pro se* plaintiffs from consequences of confusion or delay attending

the resolution of an *in forma pauperis* petition." Fed. R. Civ. Pro. 4, Advisory Committee Notes on 1993 Amendments, Subsection (m). Furthermore, the Notes suggest that relief may be appropriate where, as here, the "statute of limitations would bar the refiled action." *Id.; see also Patterson v. County of Oneida, N.Y.*, 375 F.3d 206, 225 (2d Cir. 2004) ("The statute of limitations applicable to claims brought under § . . . 1983 in New York is three years."). Therefore, even if good cause were not established under Rule 4(m), the Court would exercise its discretion to permit Kavazanjian additional time to effect service.

Because the Amended Complaint has been served on the defendants, there is no need for the Marshal's Office to effect service of the initial Complaint.

## B. Failure to State A Claim

The Malverne Defendants also argue that the section 1983 claims regarding false arrest and malicious prosecution should be dismissed for failing to state a claim under Fed. R. Civ. Pro. 12(b)(6). A court may dismiss an action pursuant to Rule 12(b)(6) only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] will entitle him to relief." *Todd v. Exxon Corp.*, 275 F.3d 191, 197-98 (2d Cir. 2001). The Court accepts as true a plaintiff's factual allegations and draws all reasonable inferences in favor of the non-moving party. *See Board of Educ. of Pawling Cent. Sch. Dist. v. Schutz*, 290 F.3d 476, 479 (2d Cir. 2002).

### 1. False Arrest

In *Heck v. Humphrey*, the Supreme Court explained

When a state prisoner seeks damages in a § 1983 suit, the

6

> district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. 477, 487 (1994). Subsequently, the Second Circuit held that where, as here, "the only evidence for conviction was obtained pursuant to an arrest, recovery in a civil case based on false arrest would necessarily impugn any conviction resulting from the use of that evidence." *Covington v. City of New York*, 171 F.3d 117, 123 (2d Cir. 1999). The Court, therefore, must dismiss Kavazanjian's false arrest claim.

## 2. Malicious Prosecution

"To succeed on a claim for malicious prosecution, the plaintiff must show that a prosecution was initiated against him, that it was brought with malice but without probable cause to believe that it could succeed and that the prosecution terminated in favor of the accused plaintiff." *Boyd v. City of New York*, 336 F.3d 72, 76 (2d Cir. 2003). The Malverne Defendants claim that Kavaznjian cannot state a claim because he was convicted of the crimes charged.

Unlike an arrest, which only requires probable cause that "the suspect had committed ... *an* offense[,]" a prosecution requires probable cause "to charge [the suspect] with *each* of the crimes." *Lowth v. Town of Cheektowaga*, 82 F.3d 563, 569, 571 (2d Cir. 1996) (emphasis added). Accordingly, in a malicious-prosecution claim, the Court must individually consider each count with which Kavazanjian was charged as a result of the April 18, 2000 incident. He was convicted of several of those counts, and therefore cannot

7

establish that the prosecution with respect to those counts terminated in his favor; however, he was acquitted of at least one count, namely criminal mischief. Thus, the Court grants the Malverne Defendants' motion to dismiss Kavaznjian's malicious-prosecution claims except the claim based on the criminal-mischief charge. *See Janetka v. Dabe*, 892 F.2d 187 (2d Cir. 1989) (holding that plaintiff stated a claim of malicious prosecution where plaintiff was acquitted of resisting arrest but convicted of disorderly conduct).

## CONCLUSION

The defendants' motion to dismiss for failure to effect process is denied. The Court, however, grants the Malverne Defendants' motion to dismiss the false-arrest and the malicious-prosecution claims except the malicious-prosecution claim with respect to criminal mischief.

**SO ORDERED.**

FREDERIC BLOCK
United States District Judge

Brooklyn, New York
June 7, 2005